# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CARMEN HILL,              )
                          )
    Plaintiff(s),         )
                          )
v.                        )     No. 4:08CV856 CDP
                          )
MICHAEL MULLEN, et al.,   )
                          )
    Defendant(s).         )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Carmen Hill for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981-1986 and state tort law for alleged wrongful foreclosure of her home. Named as defendants are Michael Mullen (Circuit Court Judge), South and Associates PC Law Firm, Chase Home Finance, LLC, the St. Louis Sheriff's Office, and Jeremiah Nixon (Missouri Attorney General). The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff alleges that defendants conspired against her in a state court unlawful detainer action to deprive her of her home. Plaintiff claims that after her home was foreclosed upon, defendant Chase Home Finance ("Chase") filed the unlawful detainer action against her in the Circuit Court for the City of St. Louis. Plaintiff says

that defendant Mullen presided over the case. Plaintiff alleges, in a conclusory fashion, that Mullen conspired with Chase's counsel to enter a default judgment in Chase's favor. Plaintiff says that the circuit courts of Missouri lack jurisdiction over unlawful detainer actions pursuant to Mo. Rev. Stat. § 534.030 because those actions must be heard by "courts of equity." Plaintiff believes that defendant Mullen acted outside of his jurisdiction or authority and, therefore, is not immune from suit.

**Discussion**

Plaintiff's assertion that the circuit courts of Missouri lack jurisdiction over unlawful detainer actions is frivolous. Plaintiff's only support for this proposition is a three-page print-out of an internet blog discussing Washington state homeowner-tenant eviction cases. In Missouri, however, the circuit courts "have original jurisdiction over all cases and matters, civil and criminal." V.A.M.S. Const. Art. 5, § 14(a). As a result, the Circuit Court for the City of St. Louis had jurisdiction over Chase's unlawful detainer action.

The complaint is legally frivolous as to defendant Mullen because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Plaintiff's claim against the City of St. Louis Sheriff's Department is legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Nixon was directly involved in or personally responsible for the alleged violations of her constitutional rights. Consequently, the complaint is frivolous as to Nixon.

Plaintiff's allegations regarding a conspiracy between Chase, South and Associates, and defendant Mullen are insufficient to state a claim for relief. The facts alleged with respect to a conspiracy must be specific. White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). Plaintiff has made only conclusory allegations that these

defendants have conspired with Mullen, which do not indicate a conspiracy to deprive plaintiff of her constitutional rights. Because Chase and South and Associates are not state actors, plaintiff's allegations against them are frivolous.

For each of these reasons, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of July, 2008.

                                                                                        */s/ Catherine D. Perry*
UNITED STATES DISTRICT JUDGE